THE HONORABLE LAUREN KING

1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

7

8    MARIO PAREDES GARCIA,

9                              Plaintiff,                    Case No. 3:21-cv-5148-LK

10            v.                                   **PLAINTIFF'S MOTION FOR FINAL
                                                  APPROVAL OF CLASS ACTION
11   HARBORSTONE CREDIT UNION,                     SETTLEMENT AND ATTORNEYS'
                                                  FEES AND COSTS**
12                             Defendant.
                                                  **NOTED FOR CONSIDERATION:
13                                                NOVEMBER 6, 2023**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## TABLE OF CONTENTS

PAGE

I.    INTRODUCTION ................................................................................. 1

II.   BACKGROUND .................................................................................. 2

      A.    Procedural history ................................................................... 2

      B.    Settlement negotiations and agreement ................................... 2

      C.    The Court grants preliminary approval of the settlement ........ 3

      D.    The settlement appropriately compensates Class Members and effects changes to Harborstone's policies and practices that benefit Class Members and future applicants ................................................. 4

            1.    Compensation to the Class........................................... 4

            2.    Prospective relief for Class Members and future applicants ...................... 5

      E.    Settlement administrator Simpluris has successfully implemented the notice program ........................................................................ 5

III.  ARGUMENT AND AUTHORITY ....................................................... 6

      A.    Plaintiff and Class Counsel have adequately represented the Class ...................... 7

      B.    The settlement is the result of arm's-length, non-collusive negotiations .............. 7

      C.    The relief provided for the Settlement Class is adequate ........ 9

            1.    The costs, risks, and delay of trial and appeal ............ 9

            2.    The settlement funds will be fairly distributed to Settlement Class Members.................... 10

            3.    Class Counsel's requested attorneys' fee is reasonable and should be awarded.................... 11

      D.    The settlement treats Settlement Class Members equitably relative to each other. ........................ 16

      E.    The reaction of the Class to date is positive ......................... 16

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
AND ATTORNEYS' FEES AND COSTS - i
Case No. 3:21-cv-5148-LK

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

F.    The Court-ordered notice program is constitutionally sound ............................... 17

G.    Class Counsel request reimbursement of litigation costs that would be charged to a paying client ...................................................................................... 18

H.    Class Counsel's requested service award for Plaintiff should be approved............................................................................................................................ 19

IV.    CONCLUSION........................................................................................................................ 20

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
AND ATTORNEYS' FEES AND COSTS - ii
Case No. 3:21-cv-5148-LK

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## <u>TABLE OF AUTHORITIES</u>

PAGE(S)

### FEDERAL CASES

*Baker v. SeaWorld Ent., Inc.*,
2020 WL 4260712 (S.D. Cal. July 24, 2020) .............................................................17

*Berg for C.K.M. v. Bethel Sch. Dist.*,
2022 WL 1591286 (W.D. Wash. May 19, 2022).........................................................11

*Blum v. Stenson*,
465 U.S. 886 (1984).....................................................................................................13

*Carideo v. Dell, Inc.*,
No. 06-cv-01772, ECF No. 162 (W.D. Wash. Dec. 17, 2010) ....................................14

*Churchill Vill., L.L.C. v. Gen. Elec.*,
361 F.3d 566 (9th Cir. 2004) ......................................................................................6, 7

*City of Riverside v. Rivera*,
477 U.S. 561 (1986).....................................................................................................8, 9

*Corson v. Toyota Motor Sales U.S.A., Inc.*,
No. CV 12-8499-JGB, 2016 WL 1375838 (C.D. Cal. Apr. 4, 2016) ..........................18

*Dennings v. Clearwire Corp*,
2013 WL 1858797 (W.D. Wash. May 3, 2013).............................................................15

*Evans v. Jeff D.*,
475 U.S. 717 (1986).....................................................................................................11

*Gates v. Deukmejian*,
987 F.2d 1392 (9th Cir. 1992) ..................................................................................9, 13

*Hall v. L-3 Commc'ns Corp.*,
2019 WL 3845460 (E.D. Wash. Aug. 2, 2019) ...........................................................20

*Harris v. Marhoefer*,
24 F.3d 16 (9th Cir. 1994) ...........................................................................................18

*Hartman v. Comcast Bus. Commc'ns, LLC*,
No. 10-0413, ECF No. 106 (W.D. Wash. Dec. 8, 2011) .............................................14

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
AND ATTORNEYS' FEES AND COSTS - iii
Case No. 3:21-cv-5148-LK

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Hopkins v. Stryker Sales Corp.*,
    No. 11-CV-02786-LHK, 2013 WL 496358 (N.D. Cal. Feb. 6, 2013)..........................18

*In re Apple Inc. Device Performance Litig.*,
    50 F.4th 769 (9th Cir. 2022) ...................................................................8

*In re Austrian & German Bank Holocaust Litig.*,
    80 F. Supp. 2d 164 (S.D.N.Y. 2000)........................................................17

*In re Bluetooth Headset Prods. Liab. Litig.*,
    654 F.3d 935, (9th Cir. 2011) .......................................................7, 11, 15

*In re Hyundai and Kia Fuel Econ. Litig.*,
    926 F.3d 539 (9th Cir. 2019) .................................................................15

*In re Mercury Interactive Corp. Sec. Litig.*,
    618 F.3d 988 (9th Cir. 2010) .................................................................11

*In re Online DVD-Rental Antitrust Litig.*,
    779 F.3d 934 (9th Cir. 2015) ...............................................................9, 19

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,
    895 F.3d 597 (9th Cir. 2018) ...................................................................7

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
    19 F.3d 1291 (9th Cir. 1994) .................................................................12

*Juarez v. Soc. Fin., Inc.*,
    No. 20-CV-03386-HSG, 2022 WL 17722382 (N.D. Cal. Dec. 15, 2022) ....................8

*Lowery v. Rhapsody Int'l, Inc.*,
    75 F.4th 985 (9th Cir. 2023) ...................................................................8

*McBean v. City of N.Y.*,
    233 F.R.D. 377 (S.D.N.Y. 2006) ............................................................20

*Missouri v. Jenkins by Agyei*,
    491 U.S. 274 (1989)........................................................................9, 13

*Moreno v. City of Sacramento*,
    534 F.3d 1106 (9th Cir. 2008) ................................................................13

*Morgan v. Childtime Childcare, Inc.*,
    2020 WL 218515 (C.D. Cal. Jan. 6, 2020) .................................................17

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
AND ATTORNEYS' FEES AND COSTS - iv
Case No. 3:21-cv-5148-LK

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) ..................................................................10, 16, 17

*Pelletz v. Weyerhaeuser Co.*,
    592 F. Supp. 2d 1322 (W.D. Wash. 2009) ....................................................................20

*Peña v. Wells Fargo Bank, N.A.*,
    No. 19-cv-4065-MMC (N.D. Cal. Jan. 8, 2021) ...........................................................15

*Perez v. Wells Fargo Bank, N.A.*,
    No. 17-cv-00454-MMC (N.D. Cal. Jan 8, 2021) ..........................................................15

*Radcliffe v. Experian Info. Solutions, Inc.*,
    715 F.3d 1157 (9th Cir. 2013) .......................................................................................19

*Roberts v. City of Honolulu*,
    938 F.3d 1020 (9th Cir. 2019) .......................................................................................11

*Rodriguez v. West Publishing Corp.*,
    563 F.3d 948 (9th Cir. 2009) ...................................................................................10, 19

*Shannon v. Sherwood Mgt Co., Inc.*,
    2020 WL 5891587 (S.D. Cal. Oct. 5, 2020) .................................................................15

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) .............................................................................11, 12, 19

*Steiner v. Am. Broad. Co.*,
    248 Fed. Appx. 780 (9th Cir. 2007) ..............................................................................15

*Trevino v. Gates*,
    99 F.3d 911 (9th Cir. 1996) ...........................................................................................13

*Van Skike v. Dir., Office of Workers' Comp. Programs*,
    557 F.3d 1041 (2009) .....................................................................................................13

*Van Vranken v. Atlantic Richfield Co.*,
    901 F. Supp. 294 (N.D. Cal. 1995) ...............................................................................15

*Vedachalam v. Tata Consultancy Servs., Ltd.*,
    2013 WL 3929129 (N.D. Cal. July 18, 2013) ...............................................................20

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
AND ATTORNEYS' FEES AND COSTS - v
Case No. 3:21-cv-5148-LK

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**STATE CASES**

*Barnett v. Wal-Mart Stores, Inc.*,
    No. 01-2-24553-8 (King Cnty. Super. Ct. July 20, 2009) ...........................................14

*Splater v. Thermal Ease Hydronic Systems, Inc.*,
    No. 03-2-33553-3 (King Cnty. Super. Ct. July 31, 2009) ...........................................14

**FEDERAL RULES**

Fed. R. Civ. P. 23 ...............................................................................................................*passim*

**FEDERAL STATUTES**

42 U.S.C. § 1981 ..........................................................................................................1, 11

42 U.S.C. § 1988(b) ...........................................................................................................11

**OTHER AUTHORITIES**

William B. Rubenstein,
    Newberg on Class Actions § 16:10 (5th ed. June 2021 update) ...................................18

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
AND ATTORNEYS' FEES AND COSTS - vi
Case No. 3:21-cv-5148-LK

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**I. INTRODUCTION**

Plaintiff Mario Paredes Garcia respectfully requests that the Court grant final approval of the class action settlement he reached with Defendant Harborstone Credit Union after nearly two years of litigation and arm's-length negotiations. The Amended Settlement Agreement, if approved by the Court, resolves claims arising out of alleged discrimination based on citizenship status in violation of 42 U.S.C. § 1981 and violations of the Fair Credit Reporting Act (FCRA).

The settlement brings substantial monetary and prospective relief to 247 Class Members[1] and prospective relief to participants of the Deferred Action for Childhood Arrivals program (DACA) and other non-United States citizens living in America who seek to obtain loans and membership with Harborstone. Specifically, Harborstone has agreed to pay $186,750 to establish a Settlement Fund that will allow payment of at least $750 to each of the proposed Class Members. Subject to Court approval, Harborstone has also agreed to separately pay a class representative service award up to $5,000, settlement administration expenses up to $25,000, and attorneys' fees and costs of up to $150,000 for a total cash payment of up to $366,750.

Settlement administrator Simpluris implemented the Court-approved notice plan and successfully delivered notice to 96 percent of Class Members. To date, no Class Members have opted out or objected to the settlement.[2]

The proposed settlement is a favorable result for Class Members, is fair, reasonable, and adequate under the standards in this Circuit, and warrants approval by the Court. Accordingly, Mr. Paredes Garcia respectfully asks the Court to enter an order: (1) approving the Amended Settlement Agreement as fair, reasonable, and adequate; (2) determining that adequate notice was provided to Class Members; (3) granting Class Counsel $150,000 in attorneys' fees and

---

[1] Harborstone previously identified 249 Class Members from its records, but during the notice process the parties determined that two Class Members had duplicate entries on the class list, leaving 247 Class Members, including Mr. Paredes Garcia.

[2] Class Counsel will file a supplemental motion for final approval no later than October 2, 2023, ten days after the Notice Deadline, updating the Court on the final number of opt-outs and objections. Declaration of Eric R. Nusser in Support of Plaintiff's Motion for Final Approval of Class Action Settlement and Attorneys' Fees and Costs (Nusser Decl.) ¶ 9.

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
AND ATTORNEYS' FEES AND COSTS- 1
Case No. 3:21-cv-5148-LK

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  costs; (4) approving the requested service payment to Mr. Paredes Garcia in the amount of

2  $5,000; (5) approving settlement administration costs of up to $25,000; and (6) dismissing this

3  action with prejudice.

4  **II.    BACKGROUND**

5  **A.    Procedural history.**

6      Class Counsel filed Plaintiff Mario Paredes Garcia's class action complaint in Pierce

7  County Superior Court on January 26, 2021. ECF No. 1-1. On March 1, 2021, Harborstone

8  removed the action to this Court on the ground of original jurisdiction. ECF No. 1. On March 31,

9  2021, Harborstone moved to dismiss the complaint for failure to state a claim. ECF No. 9. Class

10  Counsel drafted and filed Mr. Paredes Garcia's response, ECF No. 10, and Harborstone replied,

11  ECF No. 11. The Court entered an order denying Harborstone's motion on August 9, 2021. ECF

12  No. 15. Harborstone filed its answer and affirmative defenses on August 23, 2021. ECF No. 16.

13  On September 2, 2021, Class Counsel served Mr. Paredes Garcia's first set of requests for

14  production and interrogatories on Harborstone. Nusser Decl. ¶ 10.

15  **B.    Settlement negotiations and agreement.**

16      On October 1, 2021, counsel for the parties began discussing the possibility of an early

17  resolution of the claims and agreed to suspend formal discovery deadlines and focus on a

18  narrower set of discovery that would help the parties advance settlement talks. *Id*. ¶ 11. On

19  November 15, 2021, the Court entered a stipulated protective order to aid in sharing documents

20  and information between the parties. ECF No. 19. On December 20, 2021, this case was

21  reassigned to The Honorable Lauren King. ECF No. 20. On January 27, 2021, the Court granted

22  the parties' stipulated motion to stay the case schedule while they attempted an early resolution

23  of the matter. ECF No. 23. Over the next several months, the parties exchanged hundreds of

24  pages of documents and information that aided their classwide settlement negotiations, including

25  an anonymized list of Class Members, loan application information, and policy documents.

26  Nusser Decl. ¶ 12.

27  PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
AND ATTORNEYS' FEES AND COSTS- 2
Case No. 3:21-cv-5148-LK

On March 16, 2022, Class Counsel sent Mr. Paredes Garcia's first written settlement offer to Harborstone, to which Harborstone responded with a counteroffer on April 21, 2022. *Id.* ¶ 13. Class Counsel provided a second written settlement offer on May 4, 2022, and Harborstone responded with another counteroffer on May 18, 2022. *Id.* In June and July 2022, the parties exchanged additional documents and information regarding Harborstone's policies and class members' loan applications, including data on which Class Counsel conducted additional research and analysis before making Mr. Paredes Garcia's next settlement offer. *Id.* On August 12, 2022, Class Counsel sent Mr. Paredes Garcia's third written settlement offer, which Harborstone countered on September 22, 2022. *Id.* On October 3, 2022, Mr. Paredes Garcia accepted Harborstone's September 22, 2022, settlement proposal. *Id.*

**C.      The Court grants preliminary approval of the settlement.**

On January 3, 2023, Class Counsel filed Mr. Paredes Garcia's Motion for Preliminary Approval of the Class Action Settlement. ECF No. 34. On June 2, the Court held a hearing on Mr. Paredes Garcia's motion and asked counsel to address several issues related to the terms of the Settlement Agreement, settlement notice, and notice program. ECF No. 39. The Court ordered the parties to file a joint status report with an amended settlement agreement and amended proposed class notice that addressed issues discussed at the hearing. *Id.*

Class Counsel drafted the amendments to the Amended Settlement Agreement, amended settlement notice, and amended proposed order and negotiated with Harborstone's counsel for agreement on the final terms and language. Nusser Decl. ¶ 14. On June 23, the parties filed a joint status report, ECF No. 40, along with the fully executed Amended Settlement Agreement and amended settlement notice, ECF No. 40-1, amended proposed order, ECF No. 40-2, and redlined versions of each for the Court's convenience, ECF Nos. 40-3, 40-4. On July 3, the Court granted Mr. Paredes Garcia's motion for preliminary approval and ordered notice be administered. ECF No. 41.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    **D.    The settlement appropriately compensates Class Members and effects changes to**
     **Harborstone's policies and practices that benefit Class Members and future**
2    **applicants.**

3        1.    <u>Compensation to the Class.</u>

4        Subject to final approval by the Court, Harborstone has agreed to pay $186,750 to

5    establish a Settlement Fund, which will be used to make payments to Settlement Class Members.

6    ECF No. 40-1 § II.B. While the Amended Settlement Agreement contemplated 249 Settlement

7    Class Members would equally split the Settlement Fund, Simpluris discovered that two of the

8    249 Class Members Harborstone identified each appeared on the class list twice with slightly

9    different names. Nusser Decl. § 15; *see also* Declaration of Amy Lechner of Simpluris

10   Regarding Notice and Settlement Administration (Lechner Decl.) ¶ 7. Harborstone confirmed

11   that for these duplicate entries, the ITIN/WPO numbers matched the same Class Member. Nusser

12   Decl. § 15. Based on this new information, counsel for the parties and Simpluris agreed the

13   correct number of unique Class Members is 247, including Mr. Paredes Garcia. *Id*.

14       Assuming no Class Members opt out of the settlement, each member of the Settlement

15   Class will receive $756.07 from the Settlement Fund ($186,750 ÷ 247 = $756.07). *Id*. § II.B.2.a

16   ("Each Member of the Settlement Class shall be entitled to a payment of *at least* $750." (italics

17   added)). If any Class Members opt out, the funds they would have received will be split evenly

18   across the remaining Settlement Class Members.[3] *Id*. § II.B.2.b. Settlement Class Members will

19   have 180 days to cash their settlement checks. *Id*. § II.F. Any checks left uncashed after 180 days

20   will be considered abandoned, and the funds will become Residual Funds. *Id*. There will be no

21   reversion of any Residual Funds to Harborstone. *Id*. § II.G. Instead, any Residual Funds will be

22   split evenly between non-profit organizations Mexican American Legal Defense Fund

23   (MALDEF) and Northwest Justice Project (NJP). *Id*. § II.F. Any funds dispersed shall be used by

24   these organizations to advocate for consumer rights issues related to or affecting participants in

25   the DACA program or other undocumented people living in the United States. *Id*.

---

26   [3] For example, if one Class Member opts out, each of the remaining 246 Settlement Class Members will receive
     $759.14 ($186,750 ÷ 246 = $759.14).

27   PLAINTIFF'S MOTION FOR FINAL
     APPROVAL OF CLASS ACTION SETTLEMENT
     AND ATTORNEYS' FEES AND COSTS- 4
     Case No. 3:21-cv-5148-LK

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2.    Prospective relief for Class Members and future applicants.

As part of the relief obtained by Mr. Paredes Garcia and the Class, Harborstone has agreed to change certain policies related to the future evaluation of non-United States citizens' loan applications and credit union membership. ECF No. 40-1 § II.H. Under the terms of the Amended Agreement, Harborstone will not evaluate applications submitted by non-United States citizens under any different guideline or standard than it would evaluate an application from a United States citizen. *Id*. § II.H.1. Nor will Harborstone require applicants to provide documentation showing they can remain in the United States legally through the maturity date of a loan for which the applicant has applied. *Id*. § II.H.2. Harborstone has also agreed not to consider an applicant's national origin, race, or immigration status as factors to evaluate creditworthiness, regardless of the person's citizenship status. *Id*. § II.H.3. Finally, Harborstone will maintain language in its policies confirming that it does not discriminate on account of race, color, or national origin. *Id*. § II.H.4.

**E.    Settlement administrator Simpluris has successfully implemented the notice program.**

The Court ordered Settlement Administrator Simpluris to implement the notice program detailed in the Amended Settlement Agreement. ECF No. 41 at 15-23. On July 24, 2023, Simpluris mailed notice packets with the English and Spanish language settlement notices to 247 Class members via the U.S. Postal Service. Lechner Decl. ¶ 8. Out of 247 Class Members, 44 notice packets were returned by USPS. *Id*. ¶ 9. Simpluris performed an advanced address search (*i.e.,* skip trace) to locate new addresses for these returned packets. *Id*. Ultimately, only ten mailed notices were undeliverable while 237 notices—96 percent—reached their destination (237 ÷ 247 = 0.959). *Id*. Out of the 50 email addresses Harborstone provided, email notice was successfully delivered to 48 Class Members or 96 percent (48 ÷ 50 = 0.96). *Id*. ¶ 10.

Simpluris also established and continues to maintain a settlement-specific website with notice information and key documents where this motion and the supporting declarations and

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
AND ATTORNEYS' FEES AND COSTS- 5
Case No. 3:21-cv-5148-LK

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    exhibits will be posted within one business day after filing. *Id.* ¶ 11. Simpluris further established

2    and continues to maintain a toll-free telephone number to provide information and answer

3    questions for Class Members. *Id.* ¶ 12.

4                        **III.    ARGUMENT AND AUTHORITY**

5           Rule 23(e) provides that courts should grant final approval to class action settlements that

6    are "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The 2018 amendments to Rule 23

7    articulate a four-factor test, the intent of which is to "focus the court and the lawyers on the core

8    concerns of procedure and substance that should guide the decision . . . ." Fed. R. Civ. P.

9    23(e)(2) advisory committee's note to 2018 amendments.

10          Under Rule 23(e)(2), the Court may approve a class action settlement "only after a

11   hearing and only on finding that it is fair, reasonable, and adequate" after considering whether

12   (1) the class representative and class counsel have adequately represented the class; (2) the

13   proposal was negotiated at arm's length; (3) the relief provided for the class is adequate, taking

14   into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any

15   proposed method of distributing relief to the class, (iii) the terms of any proposed award of

16   attorneys' fees, including timing of payment, and (iv) any agreement required to be identified

17   under Rule 23(e)(3); and (4) the proposal treats class members equitably relative to each other.

18   Fed. R. Civ. P. 23(e)(2).

19          The factors in Rule 23 are consistent with and embody those previously identified by the

20   Ninth Circuit as guides to determining whether a proposed settlement is fair, reasonable, and

21   adequate. The factors previously discussed by the Ninth Circuit are: (1) the strength of the

22   plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the

23   risk of maintaining class action status throughout the trial; (4) the amount offered in settlement;

24   (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and

25   views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class

26   members to the proposed settlement. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566,

27

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
AND ATTORNEYS' FEES AND COSTS- 6
Case No. 3:21-cv-5148-LK

1   575–76 (9th Cir. 2004). Ultimately, "[d]eciding whether a settlement is fair" is "best left to the

2   district judge who can develop a firsthand grasp of the claims, the class, the evidence, and the

3   course of the proceedings—the whole gestalt of the case." *In re Volkswagen "Clean Diesel"*

4   *Mktg., Sales Practices, & Prods. Liab. Litig.*, 895 F.3d 597, 611 (9th Cir. 2018).

5   **A.    Plaintiff and Class Counsel have adequately represented the Class.**

6           In its order granting preliminary approval, the Court found that Mr. Paredes Garcia

7   satisfied the adequacy requirement under Rule 23(a)(4) because he will "fairly and adequately

8   protect the interests of the class" and "[h]is interests are coextensive with, and not antagonistic

9   to, those of the class members." ECF No. 41 at 7. The Court also found that "[c]lass counsel

10  have extensive experience litigating class actions and civil rights claims and have devoted a

11  substantial amount of time investigating the applicable law and underlying facts." *Id*. Further, the

12  Court expressed its satisfaction that "class counsel will continue to devote the necessary time and

13  resources to obtain final approval and ensure proper administration of the settlement." *Id*.

14  (citation omitted).

15          Nothing has changed since the Court's findings. Mr. Paredes Garcia and Class Counsel

16  have continued to vigorously represent the Class and have no conflicts of interest with any Class

17  Members. Mr. Paredes Garcia was instrumental to the case and the settlement. He assisted Class

18  Counsel in investigating the claims, preparing the complaint, and drafting discovery requests and

19  took a central role in settlement negotiations, including helping to craft prospective relief

20  benefitting the Class and future applicants. Nusser Decl. ¶ 16.

21  **B.    The settlement is the result of arm's-length, non-collusive negotiations.**

22          When determining whether a settlement is the product of arm's-length negotiations, a

23  district court must look for "subtle signs that class counsel have allowed pursuit of their own

24  self-interests and that of certain class members to infect the negotiations." *In re Volkswagen*, 895

25  F.3d at 611 (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir.

26  2011)). "And when a settlement precedes class certification, the district court must apply an even

27

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
AND ATTORNEYS' FEES AND COSTS- 7
Case No. 3:21-cv-5148-LK

higher level of scrutiny," which "requires the court to look for and scrutinize any subtle signs

that class counsel have allowed pursuit of their own self-interests to infect the negotiations." *In*

*re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 782 (9th Cir. 2022) (internal quotation

marks and alterations omitted).

In its order granting preliminary approval, the Court noted that "the Amended Settlement

Agreement appears to be the result of serious, informed, and arm's-length negotiations" and

found "no indications that settlement negotiations were driven by self-interest rather than the

class's interests." ECF No. 41 at 10. However, the Court also found that the Amended Settlement

Agreement includes a "clear sailing arrangement because Harborstone has agreed not to object to

a $150,000 fee request by class counsel." *Id*. at 11. Where a district court determines a clear

sailing provision exists, it "has a heightened duty to scrutinize closely the relationship between

attorneys' fees and benefit to the class, being careful to avoid awarding 'unreasonably high' fees

simply because they are uncontested." *Juarez v. Soc. Fin., Inc.*, No. 20-CV-03386-HSG, 2022

WL 17722382, at *5 (N.D. Cal. Dec. 15, 2022) (internal quotation marks omitted).

Here, the reimbursement of fees and costs requested by Class Counsel are not

unreasonably high relative to the relief afforded the Class. Subject to Court approval,

Harborstone has agreed to pay $186,750 to Settlement Class Members, $150,000 in attorneys'

fees and costs, $25,000 in settlement administration fees, and a $5,000 service award. As the

Court acknowledged, Class Counsel's request of $150,000 is 41 percent of the total cash going

toward the settlement.[4] ECF No. 41 at 12. But such a percentage—or any percentage—in a civil

rights case does not establish that Class Counsel's fee request is unreasonably high. *See City of*

*Riverside v. Rivera*, 477 U.S. 561, 576, (1986) ("A rule that limits attorney's fees in civil rights

cases to a proportion of the damages awarded would seriously undermine Congress' purpose in

enacting § 1988."); *see also Lowery v. Rhapsody Int'l, Inc.*, 75 F.4th 985 (9th Cir. 2023) (fee-

---

[4] As discussed in Section C.3 below, Class Counsel's fee request of $150,000 is only 4.5 percent of the total value of the settlement in the first year when factoring in Harborstone's estimated monetary value of the prospective relief.

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
AND ATTORNEYS' FEES AND COSTS- 8
Case No. 3:21-cv-5148-LK

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    shifting provisions in civil rights statutes are intended to "ensure that lawyers would be willing to

2    represent persons with legitimate civil rights grievances." (quoting *City of Riverside*, 477 U.S. at

3    578-79)). Thus, "attorneys' fees awarded in civil rights cases need not be strictly proportional to

4    monetary damages." *Id.*

5          Moreover, as the Court noted, Class Counsel's request is less than the fees and costs they

6    actually incurred, resulting in a negative multiplier. ECF No. 41 at 12. To date, Class Counsel

7    have incurred $187,727 in fees and costs, and they anticipate they will ultimately incur more

8    than $200,000 by the end of the case.[5] Nusser Decl. ¶¶ 24-26. There are no facts undermining the

9    Court's preliminary conclusion that negotiations are the result of arm's-length, non-collusive

10    negotiations. Accordingly, this factor weighs in favor of approval.

11    **C.**    **The relief provided for the Settlement Class is adequate.**

12          In determining whether the relief provided to the Settlement Class is adequate, courts

13    must balance the strength of the plaintiff's case against the risk, expense, complexity, and

14    duration of further litigation. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944

15    (9th Cir. 2015).

16          1.    The costs, risks, and delay of trial and appeal.

17          Harborstone's agreement to pay $366,750 to settle Mr. Paredes Garcia's claims is more

18    than adequate given the risks and delays of continued litigation. The parties agreed to discuss an

19    early resolution of the case soon after the Court denied Harborstone's motion to dismiss. ECF

20    No. 15. At that time, Mr. Paredes Garcia and Class Counsel were confident they would obtain

21    evidence demonstrating Harborstone's liability, but the Court's order nonetheless created

22

23

24    [5] As noted in the Court's order, ECF No. 41 at 12, Class Counsel previously reported incurring roughly $150,950 in
fees and costs and anticipated incurring more than $175,000 through the end of the case. Those amounts were
25    calculated at historical rates, which have since been updated to reflect Class Counsel's current rates. *See e.g.,
Missouri v. Jenkins by Agyei*, 491 U.S. 274, 284 (1989) (holding an award of fees under § 1988 in a civil rights case
26    may be based on current rates to compensate counsel for delay of payment); *see also Gates v. Deukmejian*, 987 F.2d
1392, 1406 (9th Cir. 1992) (affirming fee award at current rates in civil rights action and collecting cases).

27    PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
AND ATTORNEYS' FEES AND COSTS- 9
Case No. 3:21-cv-5148-LK

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  concern that factual development of the record may result in a summary judgment finding in

2  Harborstone's favor. *Id*. at 8.

3          Even if Mr. Paredes Garcia could successfully defend a summary judgment motion, he

4  would still have to prove at trial that Harborstone is liable to every Class Member under both

5  Section 1981 and the FCRA. If trial resulted in a jury award of compensatory damages,

6  Harborstone would likely appeal the verdict, delaying recovery for Class Members by a year or

7  more. In the face of such expensive and time-consuming possibilities, a settlement early in the

8  litigation resulting in more than $750 in damages to each Settlement Class Member and

9  prospective relief for non-United States citizens who apply for future loans or membership with

10 Harborstone is an excellent result. The monetary relief is prompt and certain, and the settlement

11 eradicates the policies and practices that injured Class Members. *See Rodriguez v. West*

12 *Publishing Corp.*, 563 F.3d 948, 966 (9th Cir. 2009); *Nat'l Rural Telecomms. Coop. v.*

13 *DIRECTV, Inc*., 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("The Court shall consider the vagaries of

14 litigation and compare the significance of immediate recovery by way of the compromise to the

15 mere possibility of relief in the future, after protracted and expensive litigation.") (citation

16 omitted).

17          2.      The settlement funds will be fairly distributed to Settlement Class Members.

18         The Amended Settlement Agreement provides that each Settlement Class Member will

19 receive an equal amount of at least $750. ECF No. 40-1 § II.B.2.a. If any Class Members opt out,

20 the funds they would have received will be split evenly across the remaining Settlement Class

21 Members. *Id*. § II.B.2.b. There will be no reversion of any Residual Funds to Harborstone. *Id*. §

22 II.G. Even with the recent discovery that there are two fewer Class Members than initially

23 thought, these provisions guarantee that the Settlement Fund will be split equally among all

24 Settlement Class Members and thus be fairly distributed.

25

26

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    3.    <u>Class Counsel's requested attorneys' fee is reasonable and should be awarded.</u>

2    "Attorneys' fees provisions included in proposed class action settlement agreements are,

3    like every other aspect of such agreements, subject to the determination whether the settlement is

4    'fundamentally fair, adequate, and reasonable.'" *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th

5    Cir. 2003) (quoting Fed. R. Civ. P. 23(e)). Rule 23(h) requires that any class member "be

6    allowed an opportunity to object to the fee motion itself." *In re Mercury Interactive Corp. Sec.*

7    *Litig.*, 618 F.3d 988, 993-994 (9th Cir. 2010) (internal marks omitted).[6]

8    Where counsel pursue a statutory claim with a fee-shifting provision, "the parties to a

9    class action may simultaneously negotiate merits relief and an award of attorneys' fees . . . ."

10    *Staton*, 327 F.3d at 971 (citing *Evans v. Jeff D.*, 475 U.S. 717, 720 (1986)). "In the course of

11    judicial review, the amount of such attorneys' fees can be approved if they meet the

12    reasonableness standard when measured against statutory fee principles." *Id.* at 972.

13    a.    *The lodestar method is appropriate in this statutory fee-shifting case.*

14    The lodestar calculation method is appropriate where a fee-shifting statute authorizes "the

15    award of fees to ensure compensation for counsel undertaking socially beneficial litigation." *In*

16    *re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 941. Here, Mr. Paredes Garcia brought

17    claims under 42 U.S.C. § 1981 for constitutional violations. ECF 1-1 ¶¶ 88-98. Such

18    constitutional claims are subject to fee-shifting under 42 U.S.C. § 1988(b). *See, e.g., Roberts v.*

19    *City of Honolulu*, 938 F.3d 1020, 1023 (9th Cir. 2019); *Berg for C.K.M. v. Bethel Sch. Dist.*,

20    2022 WL 1591286, at *2 (W.D. Wash. May 19, 2022) ("[C]ourts generally . . . [award]

21    attorneys' fees under § 1988 using the 'lodestar' method.").

22    _____

23    [6] Pursuant to the Amended Settlement Agreement, ECF No. 40-1 § V.C., and the Court's Order granting preliminary approval, ECF No. 41 at 17, Class Counsel are submitting their request for attorneys' fees and costs 30 days before

24    the September 22 deadline for Class Members to opt out or object to the settlement. Simpluris will then post this motion and all supporting declarations and exhibits to the settlement website within one business day after it is filed

25    with the Court. ECF No. 40-1 § II.I.h. Simpluris will also send an email reminder to those Class Members for whom it has email addresses within two business days of filing to notify them that the motion is posted on the website. *Id.*

26    § II.I.i. After the Notice Deadline passes, Class Counsel will update the Court on the final number of opt-outs and objections and will file responses to any objections no later than October 2. Nusser Decl. ¶ 9; *see also* ECF No. 41 at

27    17.

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
AND ATTORNEYS' FEES AND COSTS- 11
Case No. 3:21-cv-5148-LK

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    "Under the lodestar/multiplier method, the district court first calculates the 'lodestar' by

2    multiplying the reasonable hours expended by a reasonable hourly rate." *In re Wash. Pub. Power*

3    *Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 n.2 (9th Cir. 1994); *see also Staton*, 327 F.3d at 965.

4    The court may then adjust the lodestar to account for other factors not subsumed within it.

5    *Staton*, 327 F.3d at 965 & n.17. This method confirms the propriety of the requested fee here.

6                          (i)      *Class Counsel's hours are reasonable.*

7            This case was filed more than two-and-a-half years ago in Pierce County Superior Court

8    before it was removed to this Court five weeks later. ECF No. 1. Rather than answer the

9    complaint, Harborstone filed a motion to dismiss, ECF No. 9, and Class Counsel drafted and

10   filed a response, ECF No. 10. Five months later, the Court denied Harborstone's motion. ECF

11   No. 15. Class Counsel then promptly served discovery requests. Nusser Decl. ¶ 10. Before

12   Harborstone's deadline to respond had passed, the parties agreed to suspend formal discovery

13   deadlines and focus on just the discovery that would help facilitate settlement. *Id.* ¶ 11.

14           Class Counsel efficiently prosecuted this case on behalf of the Class, accruing just over

15   500 hours to litigate the claims, negotiate and achieve a settlement, and obtain preliminary

16   approval.[7] *Id.* ¶¶ 17, 24. Calculated using rates consistent with the prevailing market, Class

17   Counsel's lodestar to date is $187,395.50. *Id.* ¶ 18. Class Counsel will spend additional hours to

18   see this case through to final resolution, including the work necessary to supplement the motion

19   for final approval, respond to any objections, attend the final approval hearing, and ensure the

20   settlement is properly administered. *Id.*

21           The time Class Counsel devoted to obtaining the settlement is reasonable. Counsel

22   litigated the case for nearly nine months before entering into settlement negotiations. Once there,

23   Class Counsel efficiently conducted informal discovery, reviewed documents and records,

24   conferred with their client, and drafted several settlement proposals and counterproposals before

25

26   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
     [7] Class Counsel have provided the Court with a detailed breakdown of the hours and work they have performed in
     prosecuting this case. *See* Nusser Decl., Ex. 1.

27   PLAINTIFF'S MOTION FOR FINAL
     APPROVAL OF CLASS ACTION SETTLEMENT
     AND ATTORNEYS' FEES AND COSTS- 12
     Case No. 3:21-cv-5148-LK

1   reaching an agreement with Harborstone. Thereafter, Class Counsel shouldered the burden of

2   drafting the Settlement Agreement, ECF No. 34-1, and moving for preliminary approval, ECF

3   No. 33. Nusser Decl. ¶ 19. After the June 2 hearing on Plaintiff's motion, Class Counsel took the

4   lead on the Amended Settlement Agreement and amending the proposed notice and proposed

5   order to comply with the Court's instructions. *Id*. Class Counsel also bore the responsibility for

6   finding and retaining settlement administrator Simpluris and ensuring that the notice program is

7   implemented according to the Amended Settlement Agreement and Court order. *Id*. Knowing it

8   was possible they would never be paid for their work, Class Counsel had no incentive to act in a

9   manner that was anything but economical. *Id*. ¶ 21; *see also Moreno v. City of Sacramento*, 534

10  F.3d 1106, 1112 (9th Cir. 2008).

11                      (ii)     *Class Counsel request reasonable hourly rates.*

12          Class Counsel's hourly rates are also reasonable. In determining a reasonable rate, the

13  court considers the "experience, skill and reputation of the attorney requesting fees." *Trevino v.*

14  *Gates,* 99 F.3d 911, 924 (9th Cir. 1996). The court also considers "the prevailing market rates in

15  the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "The relevant community

16  is generally defined as the forum in which the district court sits." *Van Skike v. Dir., Office of*

17  *Workers' Comp. Programs*, 557 F.3d 1041, 1046 (2009) (quotation marks and citation omitted).

18  Thus, in assessing the rates requested by Class Counsel, the Court should look to market rates in

19  the Western District of Washington. Further, the Ninth Circuit has "long . . . recognized that

20  district courts have the discretion to compensate prevailing parties for any delay in the receipt of

21  fees by awarding fees at current rather than historic rates in order to adjust for inflation and loss

22  of the use funds." *Gates*, 987 F.2d at 1406 (affirming award at current rates and collecting

23  cases); *see also Jenkins by Agyei*, 491 U.S. at 284 (holding § 1988 contemplates an adjustment to

24  current rates to account for delay in payment).

25          Class Counsel are experienced, highly regarded members of the bar with extensive

26  expertise in class actions and other complex litigation involving claims like those at issue here,

27

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
AND ATTORNEYS' FEES AND COSTS- 13
Case No. 3:21-cv-5148-LK

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    and they have provided the Court with a declaration describing their background and experience.

2    Nusser Decl. ¶¶ 2-8. Class Counsel set their rates for attorneys and staff members based on a

3    variety of factors, including the experience, skill, and sophistication required for the types of

4    legal services performed, the rates customarily charged in the markets where legal services are

5    typically performed, and the experience, reputation, and ability of the attorneys and staff

6    members. *Id.* ¶ 22. Class Counsel's requested rates for attorneys range from $375 for Mr. Nusser

7    to $575 for Mr. Marshall and from $125 to $200 for paralegals and support staff. *Id.* ¶¶ 23-24.

8    These rates are well in line with rates that have historically been approved in this district and

9    legal community. *See, e.g., Carideo v. Dell, Inc.*, No. 06-cv-01772, ECF No. 162 (W.D. Wash.

10   Dec. 17, 2010) (approving as reasonable a fee petition which included rates ranging from $175 to

11   $600); *Barnett v. Wal-Mart Stores, Inc.*, No. 01-2-24553-8 (King Cnty. Super. Ct. July 20, 2009)

12   (approving fee request based on rates ranging from $100 to $760); *Splater v. Thermal Ease*

13   *Hydronic Systems, Inc.*, No. 03-2-33553-3 (King Cnty. Super. Ct. July 31, 2009) (approving fee

14   request based on rates ranging from $100 to $760); *Hartman v. Comcast Bus. Commc'ns, LLC*,

15   No. 10-0413, ECF No. 106 (W.D. Wash. Dec. 8, 2011) (approving fee request based on rates

16   ranging from $180 to $650).

17        This case demanded litigators with Class Counsel's skill and experience and precluded

18   work on other matters, and Class Counsel obtained excellent results for the Class. Thus, Class

19   Counsel's requested rates are reasonable.

20            (iii)    *Class Counsel's requested fee reflects a "negative" multiplier.*

21        Class Counsel seek an award of $150,000 in fees and costs. After out-of-pocket costs of

22   $331.63 are deducted, Class Counsel will receive $149,668.37 in fees for their work, assuming

23   the Court grants their request. Nusser Decl. ¶ 25. Thus, the fee Class Counsel seeks reflects a

24   "negative" multiplier of 0.798 on their total lodestar incurred ($149,668.37 ÷ $187,395.50 =

25   0.798). *Id.* This figure will go down further given that Class Counsel will expend additional

26   hours seeing this case through to final resolution. *Id.* ¶ 26.

27

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
AND ATTORNEYS' FEES AND COSTS- 14
Case No. 3:21-cv-5148-LK

1      Courts in the Ninth Circuit have endorsed and approved attorneys' fee awards with

2   multipliers well over 3.5. *See Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D.

3   Cal. 1995) (approving multiplier of 3.6); *Steiner v. Am. Broad. Co.*, 248 Fed. Appx. 780, 783

4   (9th Cir. 2007) (upholding multiplier of 6.85, finding it "falls well within the range of multipliers

5   that courts have allowed"). Thus, Class Counsel's fee request reflecting a "negative" multiplier is

6   reasonable. *See Dennings v. Clearwire Corp*, 2013 WL 1858797, at *6 (W.D. Wash. May 3,

7   2013) (approving negative multiplier of between .92 and .98); *Shannon v. Sherwood Mgt Co.,*

8   *Inc.*, 2020 WL 5891587 (S.D. Cal. Oct. 5, 2020) (noting negative multiplier "suggests . . .

9   requested fee award is reasonable").

10                    *b.      A percentage method "crosscheck" is not required.*

11      The Ninth Circuit does not require district courts employing the lodestar method to

12   perform a "crosscheck" using the percentage method. *In re Hyundai and Kia Fuel Econ. Litig.*,

13   926 F.3d 539, 571 (9th Cir. 2019). Such a requirement makes "little logical sense" because "the

14   lodestar method yields a fee that is presumptively reasonable." *Id.* (quotation and internal marks

15   omitted). By contrast, the percentage method is "merely a shortcut" that may be used instead of

16   lodestar if "the benefit to the class is easily quantified." *In re Bluetooth*, 654 F.3d at 942.

17      Plaintiff and Class Counsel have achieved an excellent result for the Class. Harborstone

18   must pay $186,750 to create a Settlement Fund. Each Settlement Class Member will receive at

19   least $756.07, more than twice the $300 obtained for each class member for similar claims in

20   *Peña v. Wells Fargo Bank, N.A.*, No. 19-cv-4065-MMC (N.D. Cal. Jan. 8, 2021), ECF Nos. 34-

21   2, 34-3 at 15, and more than seven times the $100 per class member obtained in *Perez v. Wells*

22   *Fargo Bank, N.A.*, No. 17-cv-00454-MMC (N.D. Cal. Jan 8, 2021), ECF Nos. 34-4, 34-5 at 18.

23   Moreover, Settlement Class Members will not be required to file claim forms in order to receive

24   money. Instead, they will receive a direct payment of at least $756.07 from the Settlement Fund

25   unless they opt out of the settlement. ECF No. 40-1 § II.B.2.

26

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    Plaintiff and Class Counsel have also obtained substantial prospective relief. Indeed,

2    Harborstone estimated the monetary value of the prospective relief by reporting that 183 Class

3    members (74 percent of the Class) applied but were automatically denied for loans totaling more

4    than $6 million in 2020 and 2021 alone. ECF No. 40 ¶ 3. Notably, Harborstone reported a greater

5    number of applications and value of denied loans in 2020 than the previous two years and a

6    greater number of applications and value in 2021 than the previous three years. *Id*. This suggests

7    that the number of applicants and value of the loans will continue to increase into the future.

8    When considering the total monetary value of the full settlement—$186,750 in damages

9    and a conservative average of $3 million in loans per year that may potentially become available

10   to non-U.S. citizen applicants—Class Counsel's fee request of $150,000 is only 4.5 percent of

11   the total value of the settlement in the first year[8] (with additional value accumulating in

12   following years due to the prospective relief obtained).

13   **D.    The settlement treats Settlement Class Members equitably relative to each other.**

14   Under Rule 23(e)(2)(D), the Court must consider whether the Amended Settlement

15   Agreement treats Settlement Class Members equitably relative to each other. Here, each

16   Settlement Class Member will receive an identical share of the Settlement Fund. Assuming no

17   Class Members opt out of the settlement, each member of the Settlement Class will receive the

18   same amount from the Settlement Fund—at least $756.07. ECF No. 40-1 § II.B.2.a. If any Class

19   Members opt out, the funds they would have received will be split equally across the remaining

20   Settlement Class Members. *Id*. § II.B.2.b. This factor supports approval.

21   **E.    The reaction of the Class to date is positive.**

22   "[T]he absence of a large number of objections to the proposed class action settlement

23   raises a strong presumption that the terms . . . are favorable to the class members." *Fossett v.*

24   *Brady Corp.*, 2021 WL 2273723, at *9 (C.D. Cal. Mar. 23, 2021) (quoting *Nat'l Rural*

25

26   ---
[8] $186,750 (Settlement Fund) + $3,000,000 (annual prospective relief) + $150,000 (Class Counsel's fee request =
$3,336,750 (total value of settlement in first year). $150,000 (fee request) ÷ $3,336,750 (total value) = 0.449.

27   PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
AND ATTORNEYS' FEES AND COSTS- 16
Case No. 3:21-cv-5148-LK

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   *Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004)). The absence of

2   many objectors supports the fairness, reasonableness, and adequacy of the settlement. *See Baker*

3   *v. SeaWorld Ent., Inc.*, 2020 WL 4260712, at *8 (S.D. Cal. July 24, 2020); *In re Austrian &*

4   *German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 175 (S.D.N.Y. 2000) ("If only a small

5   number of objections are received, that fact can be viewed as indicative of the adequacy of the

6   settlement.") (citations omitted).

7       As of August 22, twenty-nine days after Notices of Settlement were sent to Class

8   Members, settlement administrator Simpluris has not received any opt-out requests or objections.

9   *See Morgan v. Childtime Childcare, Inc.*, 2020 WL 218515, at *2 (C.D. Cal. Jan. 6, 2020)

10  ("Lack of objection speaks volumes for a positive class reaction to the settlement. The Court thus

11  finds the settlement is fair, reasonable, and adequate."). The deadline for Class Members to

12  submit any opt-out requests or objections is September 22. Class Counsel will supplement its

13  motion for final approval no later than October 2, updating the Court on the final number of opt-

14  outs and objections. Nusser Decl. ¶ 9.

15  **F.    The Court-ordered notice program is constitutionally sound.**

16      Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class

17  members who would be bound by" a proposed settlement. Fed. R. Civ. P. 23(e)(1). Class

18  members are entitled to the "best notice that is practicable under the circumstances" of any

19  proposed settlement before it is finally approved by the court. Fed. R. Civ. P. 23(c)(2)(B).

20      The notice program consisted of multiple components, which included mailing English

21  and Spanish language settlement notices to Class Members via U.S. Postal Service; emailing the

22  same multi-lingual notices to Class Members for whom Harborstone had email addresses;

23  establishing and maintaining a settlement website with notice information and key documents;

24  and establishing and maintaining a toll-free telephone line to answer questions and provide

25  information to Class Members. Lechner Decl. ¶ 3. Notice packets were initially mailed and

26  emailed on July 24, 2023. *Id.* ¶ 8. Out of 247 Class Members, 44 notice packets were returned by

27

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
AND ATTORNEYS' FEES AND COSTS- 17
Case No. 3:21-cv-5148-LK

USPS. *Id.* ¶ 9. If a Class Member's notice was returned as undeliverable without a forwarding

address, Simpluris performed an advanced address search (i.e., skip trace) to locate a new

address. *Id.* Ultimately, just ten mailed notices were undeliverable. *Id.* Out of the 50 email

addresses Harborstone provided, email notice was successfully delivered to 48 Class Members.

*Id.* ¶ 10. Thus, Simpluris implemented the Court-approved notice plan, successfully mailing

notice to 96 percent of Class Members (237 ÷ 247 = 0.959) and emailing notice to 96 percent of

Class Members for whom email addresses were provided (48 ÷ 50 = 0.96).

**G.    Class Counsel request reimbursement of litigation costs that would be charged to a paying client.**

Class Counsel incurred just $331.63 in litigation costs, including filing and service fees

and fees for conducting research.[9] Nusser Decl. ¶¶ 27-28. However, these costs were and are

reasonable and necessary to this litigation and the types of costs normally charged to a paying

client. *Id.* Courts routinely reimburse these types of costs. William B. Rubenstein, Newberg on

Class Actions § 16:10 (5th ed. June 2021 update) (class counsel can typically recover costs that

would "normally be charged to a paying client"); *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir.

1994) (counsel should recover "those out-of-pocket expenses that would normally be charged to

a fee paying client"); *Corson v. Toyota Motor Sales U.S.A., Inc.*, No. CV 12-8499-JGB, 2016

WL 1375838, at *9 (C.D. Cal. Apr. 4, 2016) ("Expenses such as reimbursement for travel,

meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage,

courier service, mediation, exhibits, documents scanning, and visual equipment are typically

recoverable."); *Hopkins v. Stryker Sales Corp.*, No. 11-CV-02786-LHK, 2013 WL 496358, at *6

(N.D. Cal. Feb. 6, 2013) (awarding costs for document review, depositions, and experts). Class

Counsel therefore respectfully request reimbursement of their actual out-of-pocket litigation

costs in the amount of $331.63 as part of their total requested award of $150,000 in fees and

costs.

---

[9] Class Counsel have provided the Court with a detailed report showing the breakdown of out-of-pocket litigation costs they have incurred. *See* Nusser Decl., Ex. 2.

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
AND ATTORNEYS' FEES AND COSTS- 18
Case No. 3:21-cv-5148-LK

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**H.    Class Counsel's requested service award for Plaintiff should be approved.**

"At the conclusion of a class action, the class representatives are eligible for a special payment in recognition of their service to the class." Newberg § 17:1. Service awards "are intended to compensate class representatives for work undertaken on behalf of a class" and "are fairly typical in class action cases." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 943 (citation omitted). The awards recognize the effort class representatives expend as well as their willingness to act as private attorneys general. *Rodriguez*, 563 F.3d at 958-59. They are generally approved if they are reasonable and do not undermine the class representative's adequacy. *See Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157, 1164 (9th Cir. 2013).

The factors courts consider include the class representative's actions to protect the interests of the class, the degree to which the class has benefitted from those actions, the time and effort the class representative expended in pursuing the litigation, and any risk the class representative assumed. *Staton*, 327 F.3d at 977. Class Counsel asks the Court to award Mr. Paredes Garcia $5,000 for his time and effort in serving as a class representative and the risks he undertook prosecuting the case. Mr. Paredes Garcia played an active role from the start of the litigation, providing valuable information that allowed Class Counsel to properly investigate the claims, draft the complaint and discovery requests, and identify Class Members. Nusser Decl. ¶ 29. Mr. Paredes Garcia also reviewed pleadings, discovery requests, and documents produced by Harborstone through informal discovery to aid in settlement negotiations. *Id*. He reviewed the Settlement Agreement, Amended Settlement Agreement, proposed Settlement Notice, and proposed Amended Settlement Notice, and offered suggestions that helped Class Counsel draft, edit, and finalize these and other documents. *Id*.

Mr. Paredes Garcia also took a central role in settlement negotiations, including helping to craft prospective relief that would help protect other non-United States citizens from being automatically denied the opportunity to contract for credit as he had been. *Id*. ¶ 30. Moreover, Mr. Paredes Garcia assumed substantial risk that other Class Members did not assume when he

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

brought claims on their behalf against a financial institution where he is still a member and to whom he still owes money on an auto loan account. *Id*. Throughout the course of litigation and settlement negotiations, Mr. Paredes Garcia engaged in lengthy and thoughtful discussions with Class Counsel on litigation strategy and settlement considerations. *Id*. Mr. Paredes Garcia was also willing and prepared to sit for a deposition and to testify at trial. *Id*.

The requested award is reasonable and is well within awards approved by federal courts in Washington and elsewhere. *See Hall v. L-3 Commc'ns Corp*., 2019 WL 3845460, at \*4 (E.D. Wash. Aug. 2, 2019) ($20,000 service award); *McBean v. City of N.Y.*, 233 F.R.D. 377, 391 (S.D.N.Y. 2006) ($25,000 to $35,000 service awards); *Vedachalam v. Tata Consultancy Servs., Ltd.*, 2013 WL 3929129, at \*2 (N.D. Cal. July 18, 2013) ($35,000 and $25,000 service awards); *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1329-30 & n.9 (W.D. Wash. 2009) (collecting decisions approving awards up to $40,000). The Court should approve the requested service award to Mr. Paredes Garcia.

## IV.    CONCLUSION

Mr. Paredes Garcia respectfully asks the Court to enter an order: (1) approving the Amended Settlement Agreement as fair, reasonable, and adequate; (2) determining that adequate notice was provided to Class Members; (3) granting Class Counsel $150,000 in attorneys' fees and costs; (4) approving the requested service payment to Mr. Paredes Garcia in the amount of $5,000; (5) approving settlement administration costs of up to $25,000; and (6) dismissing this action with prejudice.

RESPECTFULLY SUBMITTED AND DATED this 23rd day of August, 2023.

TERRELL MARSHALL LAW GROUP PLLC

*I certify that this memorandum contains 7143 words, in compliance with the Local Civil Rules.*

By:  /s/ Toby J. Marshall, WSBA #32726
     Toby J. Marshall, WSBA #32726
     Email: tmarshall@terrellmarshall.com
     Eric R. Nusser, WSBA #51513

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

Email: eric@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

4

*Attorneys for Plaintiff*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
AND ATTORNEYS' FEES AND COSTS- 21
Case No. 3:21-cv-5148-LK